IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HENRY ERIC ROUTON,

    Plaintiff,

v.                                          CASE NO.  1:23cv224

ARMOR CORRECTIONAL
HEALTH SERVICES, INC., *et al.*,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Dillman, Herrick, Brennan, Walters, and Williams, by counsel, and answer the complaint as follows:

1. Plaintiff Henry Routon is an inmate former incarcerated within the Virginia Department of Corrections (VDOC), and previously housed at Deerfield Correctional Center, a VDOC facility.

2. Defendant Dillman is the Health Services Director for VDOC.

3. Defendant Herrick is the Chief of Health Services of VDOC.

4. Defendant Brennan is a nurse employed by VDOC.

5. Defendant Walters is the Deputy Director for Administration for VDOC.

6. Defendant Williams is the former warden of Deerfield Correctional Center.

7. In June 2019, Plaintiff was brought into VDOC custody from a local jail.  During medical screening at intake, a urine screen indicated the presence of antibodies reflecting the possibility of infection with Hepatitis C (HCV).

8. In July 2019, the Plaintiff was transferred out of reception and classification to Deerfield Correctional Center.

9. In October 2019, the institutional physician at Deerfield Correctional Center directed that HCV genotype and quantitative analysis be performed, along with a fibroscan.

10. The bloodwork and fibroscan were completed later in October 2019, and the lab results confirmed the HCV infection.

11. However, the Plaintiff's lab results were determined not to meet the then-existing criteria for immediate referral to receive direct-acting antiviral (DAAV) treatment, as he was placed in priority level 3, meaning that other, sicker inmates were being prioritized to receive the DAAV treatments through the outside medical providers.

12. Following the confirmation of his HCV diagnosis, however, the Plaintiff's medical condition was monitored through periodic chronic care visits with medical personnel at Deerfield Correctional Center.

13. In October 2019, the Plaintiff submitted an informal complaint, alleging that he was not receiving proper treatment for his HCV.

14. The Plaintiff received a response to that informal complaint, informing him that his lab results and fibroscan would be assessed to determine an appropriate course of treatment.

15. Later that same month, the Plaintiff submitted a regular grievance, again complaining that he was not receiving appropriate treatment for his HCV. The Level I grievance response, signed by the assistant warden, determined that the regular grievance was unfounded, noting that treatment with direct-acting antivirals was not required at the time because the lab work and fibroscan were within normal limits.

16. The Plaintiff appealed his Level I grievance response, which was upheld by Level II response signed by Defendant Dillman in January 2020.

17. The Plaintiff did not thereafter submit any regular grievances complaining about his HCV treatment.

18. Plaintiff was released from VDOC custody on October 13, 2020.

19. Upon discharge, and at the Plaintiff's request, the Plaintiff was referred to UVA medical center to receive HCV treatment.

20. The referral form indicated that the Plaintiff had been aware of his HCV infection since 2000.

21. The Plaintiff has not been returned to VDOC custody since his release in October 2020.

22. The present suit was filed in February 2023.

23. Defendants deny having been deliberately indifferent to a serious medical need.

24. Defendants deny all allegations of the complaint not expressly admitted herein.

25.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses to the complaint, reserving the right to raise any such other defenses that may arise from Plaintiff's prosecution of this action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that the claims in the Complaint are cognizable under the Eighth Amendment or any section or clause of the United States Constitution or any other federal law or regulation.

## THIRD DEFENSE

Defendants deny that jurisdiction on the Complaint is conferred upon the Court by either 42 U.S.C. § 1983 or the previously cited amendments to the United States Constitution. Further, Defendants specifically deny that the Court has jurisdiction over any claim which might be construed to state a claim under state law.

## FOURTH DEFENSE

Defendants deny that Plaintiff has suffered any injury or damage as a result of action or omission upon the part of any of these Defendants.

## FIFTH DEFENSE

Defendants allege and aver that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were caused by others not under the control of these Defendants, and for whose conduct they are in no way responsible.

## SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and calls for strict proof thereof.

## SEVENTH DEFENSE

As to any claims brought against Defendants in their official capacities, Defendants are immune from suit based upon the Eleventh Amendment and upon the discharge of their official duties.

## EIGHTH DEFENSE

Defendants deny that they are indebted to or liable to Plaintiff in any sum whatsoever.

## NINTH DEFENSE

As to any claims against them in their individual capacities, Defendants are entitled to good faith and/or qualified immunity.

## TENTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendants, the claim is barred in this Court by the Eleventh Amendment.

## ELEVENTH DEFENSE

This matter is barred, in whole or in part, by the two-year personal injury statute of limitations borrowed from Virginia Code § 8.01-243(A), which applies to claims under 42 U.S.C. § 1983.

## TWELFTH DEFENSE

This matter is barred, in whole or in part, by the one-year statute of limitations borrowed from Virginia Code § 51.5-46(B), which applies to the Plaintiffs' claims under the Americans with Disabilities Act.

## THIRTEENTH DEFENSE

Plaintiff's state-law claims are barred by the applicable statutes of limitations.

## FOURTEETH DEFENSE

Defendants are entitled to sovereign and Eleventh Amendment immunity with respect to the Plaintiffs' claims under Title II of the Americans with Disabilities Act.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs have failed to allege any direct involvement on the part of any of the Defendants in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

## SIXTEENTH DEFENSE

To the extent Plaintiff has not exhausted his administrative remedies, this action is barred, in whole or in part, under 42 U.S.C. § 1997e(a).

Respectfully submitted,

DILLMAN, HERRICK, BRENNAN, WALTERS
AND TAMMY WILLIAMS, Defendants.

By:   <u>s/ Margaret Hoehl O'Shea</u>
      Margaret Hoehl O'Shea, SAAG, VSB #66611
      Attorney for named Defendants
      Criminal Justice & Public Safety Division
      Office of the Attorney General
      202 North 9th Street
      Richmond, Virginia 23219
      (804) 225-2206
      (804) 786-4239 (Fax)
      Email: moshea@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June, 2023, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all filing users, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Henry Eric Routon #0005146
Western Virginia Regional Jail
5885 W. River Road
Salem, Virginia 24153

|  |  |
|---|---|
| By: | s/ Margaret Hoehl O'Shea |
|  | Margaret Hoehl O'Shea, SAAG, VSB #66611 |
|  | Attorney for named Defendants |
|  | Criminal Justice & Public Safety Division |
|  | Office of the Attorney General |
|  | 202 North 9th Street |
|  | Richmond, Virginia 23219 |
|  | (804) 225-2206 |
|  | (804) 786-4239 (Fax) |
|  | Email: moshea@oag.state.va.us |