

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

HENRY ERIC ROUTON,
PLAINTIFF,

V.                    CASE No. : 1:23CV224

ARMOR CORR. HEALTH
SVCS., INC., et al.,

PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT DR. HARRIS' RULE 12(b)(6)
MOTION TO DISMISS.

THE PLAINTIFF, HENRY ERIC ROUTON, hereby
submits to the Court this BRIEF IN
OPPOSITION to DEFENDANT DR. HARRIS'
RULE 12(b)(6) MOTION to DISMISS. EACH
DEFENSE the DEFENDANT ARROGATES IN
the 12(b)(6) MOTION ON its FACE FAILS.

ARGUMENT:

#1 THE CONTINUING VIOLATION DOCTRINE APPLIES
TO THE CLAIMS MR ROUTON MAKES AGAINST
DEFENDANT DR. HARRIS, AND TIMELY WITHIN
THE STATUTE OF LIMITATIONS.

IN the procedural background clause

OF the defendant's MOTION, DKT. 21,
MENTIONS that MR. ROUTON FILED AN
ACTION AGAINST DR. HARRIS, AND OTHERS,
IN the WESTERN DISTRICT entitled
ROUTON V. ARMOR CORRECTIONAL HEALTH
SERVICES, INC., et al., (CASE NO.: 1:22CV613),
which IS CORRECT. HOWEVER, the DE-
FENDANT INCORRECTLY ARGUES October 25,
2022 AS the CONTROLLING Filing date, AND
outside of the statute of limitations.
But the defendant's ARGUMENT strictly
IGNORES that MR. ROUTON SIGNED, AND dated,
SAID ACTION ON 10/5/2022. MOREOVER,
Attached to the Complaint, Filed IN the
WESTERN DISTRICT, supra., A declaration
OF MR. ROUTON STATING that he handed
it the AVAILABLE FLOOR OFFICER OF the
WESTERN VIRGINIA REGIONAL JAIL FOR MAIL-
ING ON OCTOBER 7, 2022, which pursuant
to the "MAILBOX RULE", IS the date
DEEMED FILED.

THE SUPREME COURT held that A pro se
PRISONER'S NOTICE OF APPEAL IS deemed
Filed ON the day it IS delivered FOR
MAILING to prison Authorities, RATHER
than Applying the usual Rule that IS
Filed ON the day it ARRIVES at COURT,
Houston V. LACK, 487 U.S. 266, 273-76
(1988), AS the defendant ARGUES IN

his 12(b)(6) motion. Obviously, the defendant intentionally did skirt the mailbox rule to support his contention that the statute of limitations expired and barred Mr. Routon's claims made against him.

In the instant complaint, Dkt. 1, Mr. Routon brings claims against the defendant under Section 1983, ADA and State law for continuing violations of his rights secured by the Eighth Amendment by denying him treatment for Hepatitis C ("HCV") with direct acting antiviral ('DAA') drugs prior to his discharge from Deerfield Correctional Center ("DCC") on October 13, 2020, the date his claims accrue. Therefore, Mr. Routon's claims against all defendants, including Dr. Harris, are not barred by the statutes of limitations.

Because Section 1983 does not provide its own statutes of limitations, the courts borrow them from the state where the violations occurred. Virginia applies a two year statute of limitations to personal injury claims. See Va. Code Section 243(A).

Since Virginia uses a two year
statute of limitations, Routon
had until October 13, 2022 to
file this action. See Nasim v.
Warden Md. House of Corr., 64 F.3d
951, 955 (4th Cir. 1995). From the
date of Routon's release from DCC
on October 13, 2020, until October
7, 2022, the date he delivered the
Complaint in the instant action to
the jail authorities to mail for him,
along with a declaration to bear
this fact, Mr. Routon timely filed
his claims.

The defendant contends the he
"last saw" Mr. Routon on "January 16,
2020", and informed him that he
"was not eligible for DAA treatment,"
and "[Mr. Routon's] claim accrued
at that time...". Memo, pg 4, A3.
And that "[Mr. Routon] was thus required
to file his [section] 1983 claim on or
before January 16, 2022. However, he did not
file his Complaint in this matter until
February 15, 2023, more than two years
after his claim accrued". Id at pg 5,
¶1. The defendant is incorrect.

As set forth above, Mr. Routon points

4

OUT TO THE COURT that the defendant's CONTENTIONS MANIFESTS WITH his INTENT-IONS to CONFUSE the FACTFINDER by DE-liberately mixing truth AND Falsehood; blowing hot AND cold, Dullardly, IN the PURSUANCE to bar MR. Routon's Claims, INARTistically.

IN A procedurally similar case to the CURRENT MATTER, the FIFTH Circuit held that A SECTION 1983 Action brought by A FORMER MENTAL PATIENT FOR CONTINUOUS CIVIL CONFINEMENT with-out treatment did Not ACCRUE un-til the PATIENT WAS RELEASED, Donaldson v. O'CONNOR, 493 F.2d 507, 529 (5th Cir. 1974) (vacated on other grounds by O'Connor v. Donaldson, 422 U.S. 563 (1975)). Though Not spot on, the Similarities speak that the DEFENDANT, DR. HARRIS, did Not treat MR. Routon With DAA drugs For the Entire period he was UNDER DR. HARRIS' CARE until his Release; From July 2019 to October 13, 2020. See DKT. 18, ¶'s 8; 18. THE ISSUES IN this matter ARE CERTAINly Not based on A single discreet Vio-lation OF MR. Routon's Rights oN January 16, 2020, by DR. HARRIS,

5

but BASED ON CONTINUING Violations
OF MR. Routon's Rights, by DEFENDANT
DR. HARRIS with CONTINUOUS REFUSALS
to treat MR. Routon with DAA drugs
FOR HEPATITIS C, while under his CARE
based strictly on a policy FOR NON-
MEDICAL REASONS that included AD-
MINISTRATIVE CONVENIENCES AND profit-
ABLE DESIRES. AND FALLS SQUARELY INTO
the Continuing Violation doctrine.
Each day DAA drugs WERE withheld
FROM MR. Routon, OCCASIONED A NEW
Violation OF his Eighth AMENDMENT
Rights.

"The CRITICAL-distinction IN CON-
TINUING Violation ANALYSIS ... IS
WHETHER the plaintiff Complaints
OF the present CONSEQUENCES OF A
ONE time Violation", AS contended by
DR. HARRIS, "which does Not EXTEND
the limitations period, OR the CON-
tinuation OF A Violation", MR.
Routon's Contention, "INTO the
present," MR. Routon's RELEASE FROM
DCC, "which does." LOVETT V. RAY,
327 F. 3d 1181, 1183 (11th Cir. 2003)
(quoting KNIGHT V. Columbus, Ga.,
19 F. 3d 579, 580-81 (11th Cir. 1994)).
MR. Routon has SUFFICIENTLY Alleged A

Continuing violation of his Eighth Amendment Rights, by the Defendant, For "Failure to provide Needed and Requested Medical attention, [which] constitutes a Continuing tort, which does Not accrue until the date medical attention is provided," Lavelle V. List, 611 F.2d 1129, 1132 (5th Cir. 1980), or until Mr. Routon was Released From DCC on October 13, 2020. Donaldson, 493 F.2d At 529; See Also Burkey V. Marberry, 556 F.3d 142, 147 (3rd Cir. 2009)

The Western District held "[T]o state a Cognizable Eighth Amendment Claim For denial of medical care, [Routon] must Allege Facts Sufficient to demonstrate that [the defendant was] deliberately indifferent to [Routon's] Serious medical Need," Arnette V. Armor, 7:12cv519 (W.D. Va. Sep 24 2013) (quoting Estelle V. Gamble, 429 U.S. 97, 105 (1976)), of HCV. And Defendant Dr. Harris was, indeed, "deliberately indifferent" to Mr. Routon's Serious medical Need For treatment with DAA drugs For HCV, And As a practicing physician, Dr. Harris certainly "Kne[w] of And disregard-[ed] An Excessive Risk to inmate [Routon's] health..." Farmer V. Brennan,

511 U.S. 825, 837 (1994), by withholding DAA drug treatment from Mr. Routon for other than medical reasons. Mr. Routon properly asserts that HCV is a very "serious medical need" and "one that has been diagnosed by [a physician] as mandating treatment" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008), and "so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Id. at 241, to cure Routon's HCV with DAA drugs. However, the defendant's callous refusals, for profiteering, without any regard to Routon's health, amounts to money fueled greed, and hedonism; not an inadvertent failure to provide adequate medical care.

Furthermore, the continuing violation doctrine is an "exception to the normal knew-or-should-have-known accrual date." Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999), as Mr. Routon alleges in his complaint, Dkt. 1, he brings his section 1983 claims, inter alia, challenging a discriminatory policy, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." See Nat'l R.R.

8

PASSENGER CORP. V. MORGAN, 536 U.S. 101,
116-117 (2002). IN HIS COMPLAINT, DKT. 1,
ROUTON ALLEGES SUFFICIENT FACTS OF
"both the EXISTENCE OF AN ONGOING
POLICY OF DISCRIMINATION AND SOME NON-
TIME BARRED ACTS TAKEN IN FURTHER-
ANCE OF THAT POLICY" by the DEFENDANT.
HARRIS, 186 F.3d AT 250.

THE SEVENTH CIRCUIT, IN Heard V Sheahan,
CONSIDERED WHETHER THE CONTINUING VIO-
LATION DOCTRINE APPLIED TO A PRISONER'S
EIGHTH AMENDMENT CLAIM THAT PRISON
OFFICIALS DELAYED GIVING HIM MEDICAL ATT-
ENTION DESPITE HIS HERNIA AND DIS-
REGARDED THE RECOMENDATION OF DOCTORS
THAT HE UNDERGO SURGERY. 253 F.3d 316,
317-20 (7th CIR. 2001). THE SEVENTH CIR-
CUIT HELD THAT THE CONTINUING VIOLA-
TION APPLIED BECAUSE THE PRISONER'S
CLAIM RELATED TO A "CONTINUOUS SERIES
OF EVENTS GIVING RISE TO A CUMULATIVE
INJURY" Id AT 320. THIS CONCLUSION IS
CONSISTENT WITH MORGAN'S APPLICATION
OF THE CONTINUING VIOLATION DOCTRINE TO
A SERIES OF PREDICATE ACTS FORMING
THE BASIS FOR A SINGLE CLAIM. See MORGAN
538 U.S. AT 117-18; THE COURT SHOULD
hold ROUTON'S CLAIMS AGAINST DR.
HARRIS AS CONSISTENT WITH MORGAN'S

Application of the Continuing Vio-
lation doctrine in that Refusing
to treat Routon with DAA drugs for
HCV accumulated with a series of
predicate acts until his Release from
DCC on October 13, 2020. Id. At 117-118.

Routon suffered a continuing downcline
of his health from HCV because the
defendant failed to treat him with
DAA drugs, up until and after his
Release from DCC. As set out above,
Mr. Routon's constitutional claims are with-
in the applicable statutes of limitations.
Courts have held that a series of dis-
crete acts that stem from an event
earlier than the limitations period is a
continuing violation, so the whole series is
not time-barred based on the date of the
initial event of Dr Harris' denial to treat
Mr. Routon with DAA drugs for the serious
medical need of HCV, which was a con-
tinuous violation of Routon's Eighth Amendment
Rights up until the date of his Release
from DCC. See e.g., Wells V. U.S. 420 F.3d
1343, 1346-47 (Fed. Cir. 2005)

#2  The Plaintiff's ADA Claim Fails under
28 U.S.C. 1658  Four-Year Catch All
Statute of Limitations and Not
Time-Barred

$l^0$

THE ADA DOES NOT HAVE A STATUTE OF LIMITATIONS. See Thorne V. Hale, No. 1:08CV601 (JCC), 2009 U.S. Dist. LEXIS 25938 (E.D. Va. Mar. 26, 2009). HOWEVER, CONGRESS BROADENED THE MEANING OF THE TERMS IN THE ADA AMENDMENTS ACT OF 2008, EFFECTIVE JANUARY 1, 2009, TO OVER-RULE RESTRICTIVE INTERPRETATIONS OF THE TERMS USED BY THE SUPREME COURT.

THE ADA AMENDMENTS ACT STATED GENERALLY: "THE DEFINITION OF DISABILITY IN THIS CHAPTER SHALL BE CONSTRUED IN FAVOR OF BROAD COVERAGE OF INDIVIDUALS UNDER THIS CHAPTER, TO THE MAXIMUM EXTENT PERMITTED BY THE TERMS OF THIS CHAPTER." 42 U.S.C. 12102(4)(A). SPECIFICALLY, IT REDEFINED "SUBSTANTIALLY LIMITS" AS FOLLOWS:

> (B) THE TERM "SUBSTANTIALLY LIMITS" SHALL BE INTERPRETED CONSISTENTLY WITH THE FINDINGS AND PURPOSES OF THE ADA AMENDMENTS ACT OF 2008
> (C) AN IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE MAJOR LIFE ACTIVITY NEED NOT LIMIT OTHER MAJOR LIFE ACTIVITIES IN ORDER TO BE CONSIDERED A DISABILITY.

THE ADA AMENDMENTS ACT ALSO REDEFINED

MAJOR LIFE ACTIVITIES AS Follows:

(A) IN GENERAL
For purposes of PARAGRAPH (1), MAJOR
LIFE ACTIVITIES include, but ARE Not
limited to, CARING For oneself, per-
Forming MANUAL tasks, seeing, hear-
ing, eating, sleeping, walking, standing,
lifting, bending, speaking, breathing,
learning, reading, concentrating, think-
ing, communicating and working.
(B) MAJOR bodily Functions
For the purposes of PARAGRAPH (1),
A MAJOR LIFE ACTIVITY Also includes
the operation of A MAJOR bodily
Function, including but Not limited
to, Functions of the IMMUNE
System, Normal Cell growth, digestive,
bowel, bladder, Neurological, Brain,
Respiratory, Circulatory, endocrine,
And Reproductive Functions.
42 U.S.C. 12102(2).


BEFORE the ADA AMENDMENTS Act, Courts
had to determine CASE by what ARE
MAJOR LIFE ACTIVITIES under the statute;
Now, the statute includes most of the
Activities previously Recognized in CASE LAW,
but still Allows For the CASE-by-CASE id-
ENTIFICATION of other MAJOR LIFE ACTIVITIES
by Saying "including but Not limited to"

12

the items listed. THE AMENDMENTS OVER-RULE SOME EARLIER DECISIONS FINDING AN IMPAIRMENT DID NOT AFFECT A MAJOR LIFE ACTIVITY. FOR EXAMPLE, ONE APPEALS COURT HELD THAT LIVER FUNCTION IS NOT A MAJOR LIFE ACTIVITY, <u>FURNISH V. SVI SYSTEMS, INC.</u>, 270 F.3d 445, 449-50 (7th CIR 2001), prior to the ADA AMENDMENTS ACT. HOWEVER, the AMENDMENTS SPECIFICALLY INCLUDE "MAJOR bodily FUNCTIONS" AS MAJOR LIFE ACTIVITIES, AND LIVER FUNCTION IS "MAJOR" ENOUGH that you CAN'T SURVIVE without it. MR. ROUTON'S HCV IS SEVERELY damaging his liver. THE AMENDED STATUTE ALSO MENTIONS digestive AND CIRCULATORY FUNCTIONS, to WHICH MR. ROUTON'S LIVER CONTRIBUTES

MR. ROUTON AVERS that prior to the ADA AMENDMENTS ACT hepatitis C, which AFFECTS his liver function, WAS Not Considered AS A disability AND WAS time limited To THE STATES most Analogus STATUTE OF LIMITATIONS. HOWEVER, Since the ADA AMENDMENTS ACT WAS ENACTED AFTER DECEMBER 1, 1990, the statutes of LIMITATIONS ARE governed by the UNIFORM STATUTE OF LIMITATIONS ON FEDERAL Claims, which provides A Four-YEAR STATUTE OF limitation.

BECAUSE TITLE II of the ADA does not

13

CONTAIN A Statute of limitations, Courts
must Either Apply the Federal Four-year
Catch-All limitations period or the State
Statute of limitations for the most Analogous
State Law Claim. A Soc'y without A Name, For
People without A Home, Millennium Future-
Present V. Virginia, 655 F.3d 342, 347 (4th Cir.
2011). The Four-year Federal Catch-All period
Applies only to Claims ARISING UNDER Statutes
ENACTED AFTER December 1, 1990, AND the ADA
WAS ENACTED A FEW months before that, on
July 26, 1990. Id. Therefore As A general
Rule, "the one-year limitations period in the
Virginia [Rights of Persons with] Disabilities Act
Applies to ADA Claims brought in Virginia." Id.
At 348. The ADA WAS AMENDED, however,
In 2008. ADA AMENDMENTS ACT OF 2008,
Pub. L. No. 110-325, 122 Stat. 3553 (CODIFIED
At 42 U.S.C. 12102). BECAUSE ROuton's
Claim WAS made possible by the ADA Amend-
ments Act Rather than the pre-Amendment
ADA, he INVOKES the Four-year Statute
of limitations, See Jones V. R.R. DONNelley
& Sons Co., 541 U.S. 369, 382 (2004); Mercado
V. Puerto Rico, 814 F.3d 581, 589 (1st Cir.
2016), because his condition of HCV WAS
Not RECOGNIZED. However, the Amendments
Specifically include "MAJOR bodily FUNCTIONS"
AS MAJOR liFe Activities, And liver Function
is "MAJOR" ENOUGH that you can't SURVIVE.
Supra.

Without it. Again, Plaintiff asserts that his ADA claim could not have been maintained under the ADA as originally enacted, and instead is only now permitted owing to the broader definition of qualifying disabilities set forth in the 2008 Americans with Disabilities Act Amendments Act (ADAAA). In _Jones v. R.R. Donnelley & Sons Co._, the Supreme Court held that a Plaintiff's claim is governed by Section 1658(a) "if the Plaintiff's claim against the Defendant was _made possible_ by a post-1990 enactment" 541 U.S. 369, 382 (2004)(emphasis added). In that regard, Plaintiff contends that his claim of, inter alia, not including him in the pharmacy program at DCC by withholding accomodating DAA drugs for HCV is a discriminatory act of non-actions base on Mr. Routon's now "qualifying disability" of HCV, made possible by the 2008 ADAAA, supra., and he now invokes the four-year statute of limitation contained in 28 U.S.C.- Section 1658(a). Therefore, his ADA claim is not time barred. See _Malpica V. Kincaid_, No. 1:21-cv-417 (E.D. Va. Feb. 18, 2022).

As an inmate, the federal ADA apply to Mr. Routon, _Pennsylvania Dep't of Corrections V. Yeskey_, 524 U.S. 206 (1998),

because "Rights against discrimination are among the few rights that prisoner's do not park at the prison gates" and he "has the same interests in access to the programs, [pharmacy], services, and activities available to the other inmates of [DCC] as disabled people on the outside have to the counterpart programs, [pharmacy], services, and activities available to FREE people." See Crawford v. Indiana Dept. of Corrections, 115 F.3d 481, 486 (7th Cir. 1997). Especially, Mr. Routon's right to be cured of his serious medical condition of HCV, which may eventually lead to his death.

#3 PLAINTIFF'S STATE CLAIM FOR BREACH OF CONTRACT AGAINST THE DEFENDANTS IS NOT BARRED

Mr. Routon, at all times relevant a third party beneficiary of the contract between VDOC and defendants for the provision of quality medical care.

The third party beneficiary rule is an exception to the general rule that a person must be a party to a contract to invoke it. Va Code Sec. 55.1-119. Mr. Routon is a third party beneficiary because the contract between defendants VDOC and

16

ARMOR INTENDED to CONFER BENEFIT OF quality
MEDICAL CARE upon him. See e.g. PROFESSIONAL
REALTY CORP. V. BENDER, 216 Va. 373, 739 (1976).
THEREFORE, MR. ROUTEN IS VESTED WITH the
RIGHT, and with the ability to SUE UNDER
the CONTRACT.

MR. ROUTEN does not bring this claim in tort,
but INSTEAD, IN CONTRACT, BECAUSE the
DEFENDANTS, DR. HARRIS AND ARMOR, through
the Contract with VIDOC, ASSUMED AN
Obligation FOR the BENEFIT of MR. ROUTEN FOR
the provision of quality MEDICAL CARE,
AND Not shoddy imitation of quality that
DR. HARRIS AND ARMOR PASSED OFF AS GEN-
uine. A SHAM. See e.g. FULLER V. WARDEN, Civil
Action No. WMN-12-43 (D. MD. MAR 08, 2012)

THE STATUTE OF limitations FOR A breach OF
A WRITTEN CONTRACT CLAIM IN VIRGINIA IS
FIVE YEARS. Va. Code SEC. 8.01-246(2). At
the latest, the Complaint (DKT. 1) Alleges
the DEFENDANT Continuously VIOLATED/BREACHED
the WRITTEN CONTRACT to which MR. ROUTEN
WAS third party BENEFICIARY to up until
his RELEASE FROM DOC Custody on
OCTOBER 12, 2020. MR. ROUTEN had until
OCTOBER 12, 2025 to FILE his breach
OF CONTRACT CLAIM. THEREFORE, this
CLAIM HAS BEEN Filed TIMELY. MANOTAS V.
OCWEN LOAN SERVICING, LLC, No. 18-2026 (4th

Cir. Dec 09, 2019).

#4   PLAINTIFF'S CONSTITUTIONAL CLAIMS
     NOT BARRED BECAUSE DR. HARRIS is
     NOT ENTITLED TO QUALIFIED IMMUNITY

THE doctrine of qualified immunity, A
FEDERAL Common law precept Applicable
in Section 1983 cases, shields official
defendants from monetary liability so
long as the official's conduct did not
violate "clearly established" statutory or
CONSTITUTIONAL Rights of which A Reasonable
person in the defendant's position would
have known. Mitchell v. Forsyth, 427
U.S. 511, 526 (1985); Harlow v. Fitzgerald,
457 U.S. 800, 818 (1982); Weller v. Dep't
OF Soc. Servs. For City of Balt, 901 F.2d
387, 398 (4th Cir. 1990).

DR. HARRIS ASSERTS the AFFIRMATIVE defense
OF qualified immunity ingeniously, with
intention to MISSTATE "plaintiff cannot
establish that DR. HARRIS had Knowledge
OF A Risk of harm, or that A Reasonable
physician in DR. Harris's position would
have Known that he was violating
plaintiff's CONSTITUTIONAL Rights by Ad-
hering to the Guidelines." (Dkt. 21, pg 11,
¶ 2). This CONTENTION, however, is without
MERIT. THE thrust OF MR. Roylon's

CLAIMS is that Dr. HARRIS, who sub-
jectively REALIZED that his patient, MR.
ROUTON, WAS SUFFERING FROM A SERIOUS
MEDICAL Condition, did virtually Nothing
in RESPONSE. And the decisinal law is
quite clear that person doctors, such as
DEFENDANT DR. HARRIS, HAVE A CONSTITUTIONAL
Obligation to provide medical treatment,
to INMATES IN their CARE, ESTELLE 429 At
104; See also Johnson v. Williams, 786
F. Supp. 1161, 1165 (E.D. Va. 1991) (citing Num-
erous decisions of the Supreme Court of
the United States AND of the Fourth Cir-
cuit, stating: "it is well settled that de-
liberate indifference to a prisoner's serious
MEDICAL Needs CONSTITUTES A violation of
the Eighth Amendment). For this REASON, DR.
HARRIS's qualified immunity defense fails.
REGARDING DR. HARRIS' MISHMASH AVERMENT
IN REGARDS to 'Guidelines', SUPRA., AS AN
INDEPENDENT CONTRACTOR, under VIRGINIA LAW,
is the undisputed Fact that DR. HARRIS
had Sole control over the Course of
treatment oedered, or not ordered For MR.
ROUTON. IN OTHER WORDS ARMOR's CONTRACT
WITH VDOC IN NO WAY impinged on the
discretion typically Enjoyed by physicians,
Such as DR. HARRIS, RESPECTING treatment
of their patients. Cf LEE v. Bourgeois,
252 Va. 328, 477 S.E.2d 495, 497 (1996) ("A
physicians EXERCISE of professional Skill And

19

Judgement in treating a patient is not subject to the control of the Commonwealth). Thus, as to the most critical portion of his work for VDOC — treating patients — Dr. Harris enjoyed complete control, Brown V. Mitchell, 327 F. Supp. 2d 615, 661-62 (E.D. Va. 2004)

Next, Routon contends that Dr. Harris is not eligible for qualified immunity pursuant to Richardson V. McKnight, 521 U.S. 399 (1997).

In Richardson, the Supreme Court held that prison guards employed by a large for-profit multistate private management company that had a contract with the state to manage the prison were not entitled to qualified immunity in a prisoner's section 1983 action against them. In deciding not to extend qualified immunity to the privately-employed guards, the Supreme Court looked at the history and purposes of qualified immunity, it first concluded that while prisons had historically been run by both public and private state actors, no firmly rooted tradition of immunity for private prison guards had developed around the time Section

20

1983 was adopted in the late nineteenth century. It next looked at the purposes behind qualified immunity, which it noted were (1) protecting against unwarranted timidity on the part of government officials, (2) ensuring that talented candidates are not deterred from entering public service, and (3) preventing the distraction of governmental officials by lawsuits. It concluded that none of these purposes mandated qualified immunity for the guards because the problem of unwarranted timidity would be overcome by ordinary market forces as private firms vied to provide the contractual services, because the flexibility of privatization could provide higher pay and benefits and insurance and indemnification to reduce the deterrence factor, and because the distraction of litigation was alone insufficient to justify qualified immunity. 521 U.S. at 409-21.

Furthermore, in reliance on Richardson, the Ninth Circuit, in Jensen v. Lane County, 222 F.3d 570 (9th Cir 2000), subsequently held that a psychiatrist, who was affiliated with a private psychiatric group

21

that contracted with a county Facility to provide mental health care, was not entitled to qualified immunity in a 1983 action by a prisoner whose detention was temporarily extended by the psychiatrist for a mental health evaluation. The Ninth Circuit, noting the case was similar enough to RICHARDSON to warrant using its rationale, concluded there was no definitive common law history of immunity that would support a finding of qualified immunity under the circumstances of the case, and that the same market forces and deterrence factors because the private psychiatrist group that employed the defendant "must provide psychiatric services for the [State] with the market threat of replacement for failure to complete [its] duties adequately" and because "the potential for insurance, indemnification agreements, and higher pay all may operate to encourage qualified candidates to engage in this endeavor and to discharge their duties vigorously" 222 F. 3d 570, 578 (9th Cir 2000)

IN MANY RESPECTS, THE INSTANT CASE

22

TECHNICALLY IS VERY SIMILAR TO Richardson TO WARRANT USING ITS RATIONALE. DEFENDANT DR. HARRIS IS NOT ENTITLED TO QUALIFIED IMMUNITY.

#5 MR. ROUTON IS NOT REQUIRED TO OBTAIN AN EXPERT OPINION TO FILE A MEDICAL MALPRACTICE CLAIM.

SHORTLY, MR ROUTON POINTS OUT THAT DR. HARRIS' CONTENTION REGARDING AN EXPERT OPINION CERTAINLY IGNORES THE FOURTH CIRCUIT'S DECISION IN Pledger V. Lynch, 5F 4th 511, 514 (4th Cir. 2021), WHICH HELD THAT A SIMILAR CERTIFICATION REQUIREMENT WAS "INCONSISTENT WITH FEDERAL RULES OF CIVIL PROCEDURE, AND THUS, IST DISPLACED BY THOSE RULES IN FEDERAL COURT." Id. THEREFORE, A CERTIFIED EXPERTS OPINION IS NOT NEEDED.

DATE: 08/02/2023

Henry Eric Routon

HENRY ERIC ROUTON
5885 W. RIVER Rd
SALEM, VA 24153

CERTIFICATE OF SERVICE

I HEREBY CERTIFY ON this 2ND day of AUGUST, 2023, I MAILED A COPY OF the FOREGOING to TAYLOR BREWER, ESQ., MORAN REEVES & CONN PC, 1211 E. CARY St., Richmond, VA 23219

Henry Er Routon

HENRY ERIC ROUTON
5885 W. RIVER Rd
SALEM, VA 24153


I, HENRY ERIC ROUTON, HEREBY declare under PENALTY of PERJURY pursuant To 28 U.S.C. 1746 I ON this 2nd day of August, 2023 handed this item to the FLOOR OFFICER FOR MAILING to the U.S. DISTRICT COURT IN ALEXANDRIA, VIRGINIA.

Henry ERIC Routon
5885 W. RIVER Rd
SALEM, VA 24153

24