**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| HENRY ERIC ROUTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:23cv224 |
| v. | : | |
| | : | |
| ARMOR CORRECTIONAL HEALTH | : | |
| SERVICES, INC., et. al., | : | |
| | : | |
| Defendants. | : | |

<u>**DEFENDANT HARRIS' REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**</u>

COMES NOW Defendant Alvin Harris, M.D., ("Dr. Harris"), by counsel, for his Reply in

Support of his Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of

Civil Procedure 12(b)(6).   In support thereof, he states as follows:

**I.      Plaintiff's Federal and State Claims are Barred by the Statutes of Limitation**

Plaintiff's statute of limitations analysis is flawed. He attempts to extend the statute of

limitations window by erroneously relying on the continuing violation rule. The law is clear,

however, that for the rule to apply, "a plaintiff must (1) identify a series of acts or omissions that

demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of

these acts or omissions within the applicable statute of limitations for personal injury." *DePaola*

*v. Clarke*, 884 F.3d 481, 487 (4th Cir. 2018). Notably, "[a] continuing violation is occasioned by

continual unlawful acts, not continual ill effects from an original violation.'" *Gregory v. Currituck*

*Cty.*, No. 21-1363, 2022 U.S. App. LEXIS 13779, at *3 (4th Cir. 2022) (citation omitted). In other

words, the continuing violation rule does not permit plaintiff to sue Dr. Harris several years after

his limited interactions with Mr. Routon.

Contrary to plaintiff's assertion, *DePaola* does not support his arguments. In that case, the Court emphasized the prisoner's repeated requests for help and treatment to particular defendants that was continually denied. *DePaola*, 884 F.3d at 487-88. The same cannot be said regarding the plaintiff's interactions with Dr. Harris in this case. The Amended Complaint indicates that Dr. Harris last saw the plaintiff on January 16, 2020. There are no allegations of any further involvement of Dr. Harris as it relates to plaintiff's care. Plaintiff cannot impute liability of any alleged actions (or inactions) of others upon Dr. Harris. Instead, Dr. Harris' actions must be examined to maintain a lawsuit against him. *See Johnson v. United States*, No. 1:16cv1097 (CMH/TCB), 2019 U.S. Dist. LEXIS 165438, at *16 (E.D. Va. Sep. 24, 2019) ("'[I]n order to be held liable, *each individual defendant* must have committed a constitutional violation within the applicable limitations period.'") (citation omitted). Accordingly, plaintiff had until January 16, 2021 to file his ADA and medical practice claims, and he had until January 16, 2022 to file his § 1983 deliberate indifference claim. He did not file his operative complaint until October 2022.[1] He should not now be able to benefit from his untimely filing. *See Nat'l Advert. Co. v. Raleigh*, 947 F.2d 1158, 1168 (4th Cir. 1991) ("A continuing wrong theory should not provide a means of relieving plaintiff from its duty of reasonable diligence in pursuing its claims.") (cleaned up). Thus, his claims are barred.

## II. Plaintiff's Constitutional Claim is Barred by the Doctrine of Qualified Immunity.

In an attempt to change the Amended Complaint's narrative, plaintiff claims that "Dr. Harris actually violated the guidelines by refusing to refer plaintiff for treatment because he was

---

[1] Plaintiff's discussion of the prisoner mailbox rule is a red herring. Regardless of what date in October 2022 the Court deems as the filing date of the operative complaint is irrelevant, as either date is well past the statute of limitations.

'too short'". Pl.'s Opp. Br. at 8. Assuming, *arguendo*, that plaintiff's allegation of Dr. Harris' was "too short" comment is accurate, Dr. Harris is still entitled to qualified immunity. Even if plaintiff was allowed to receive particular treatment because he fell within the appropriate window, he still admits that that his Fibroscan score was 4.0, within normal limits, and that Dr. Harris informed him that under the Guidelines at that time it would have to be 7.0 for a treatment referral. *See e.g.,* Am. Compl., ¶ 36 ("Mr. Routon underwent a Fibroscan of his liver, which indicated a score of 4.0. On the same day, defendant Dr. Harris notified Mr. Routon that the Fibroscan results were "within normal limits" and that he was therefore not going to refer him for additional treatment."). Simply put, the crux of the allegations against Dr. Harris is that he abided by the Guidelines. The Fourth Circuit's analysis in *Pfaller v. Amonette*, makes clear that plaintiff's allegations are insufficient to conclude Dr. Harris had knowledge of a risk of harm, or that a reasonable physician in Dr. Harris's position would have known that he was violating plaintiff's constitutional rights by adhering to the Guidelines. 55 F.4th 436, 448 (4th Cir. 2022). Because of this, Dr. Harris is entitled to qualified immunity. *Id.* ("[I]n order to defeat a defendant's claim for qualified immunity, a plaintiff must show . . . and (B) prison officials acted with deliberate indifference (the subjective prong), which in turn requires a showing that the prison official (i) had actual knowledge of the risk of harm and (ii) recognized that his actions were insufficient to mitigate that risk of harm; and (2) that the constitutional right was clearly established at the time of the defendant's actions. If a plaintiff fails to satisfy either prong of the qualified-immunity test, the defendant is entitled to qualified immunity.").

---

### III. Plaintiff was Required to Obtain an Expert Certification Even Under *Pledger v. Lynch*

*Pledger v. Lynch*, 5 4th 511 (4th Cir. 2021) is distinguishable from the present case and, therefore, plaintiff's failure to obtain an expert certification warrants dismissal. The context in *Pledger* is important in understanding the scope of the Court's decision. In that case, the plaintiff asserted both medical malpractice and deliberate indifference claims against the United States and federal officials arising under the Federal Torts Claims Act ("FTCA"). *Id.* at 513. Stated differently, the plaintiff invoked the court's federal question jurisdiction to pursue his medical malpractice allegations. According to the United States, since the FTCA "incorporate[d] West Virginia liability standards . . . [the plaintiff] also should be held to the pre-suit requirements of the West Virginia Medical Professional Liability Act ("MPLA")". *Id.* at 516.  The Court ultimately held "that the [West Virginia statute's] pre-dispute certificate requirement . . . is displaced by the Federal Rules under *Shady Grove*, and therefore does not apply to Pledger's *federal-court FTCA claim*." *Id.* at 523-24 (emphasis added).

Unlike here, where the state medical malpractice claim is invoked utilizing this Court's supplemental jurisdiction, Am. Compl., ¶ 2, *Pledger* dealt with claims arising out of federal question jurisdiction. Therefore, the court's holding does not necessarily extend to all medical malpractice claims brought in federal court. This Court should decline the invitation to broaden *Pledger's* holding. Rather, what is evident is that Virginia's medical malpractice statute required an expert certification. As discussed more fully in Dr. Harris' principal brief, plaintiff has failed to comply with this statutory requirement. Thus, his medical malpractice claim is subject to dismissal under this rationale as well.

## IV.     Conclusion

For the foregoing reasons and those set forth in Dr. Harris' previously filed Motion to Dismiss and Memorandum in Support (ECF Nos. 91-92), Dr. Harris requests this Court to dismiss plaintiff's Amended Complaint, with prejudice.

ALVIN HARRIS, M.D.

By:  _____/s/_____
                 Of Counsel

Jeff W. Rosen, Esq., VSB No. 22689
Lisa Ehrich, Esq., VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Harris*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2024, I will electronically file the foregoing ***Defendant Harris' Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Daniel Hutcheson Goldman, Esq. (VSB #82144)
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
Phone: (202) 677-5709
Fax:      (833) 523-2310
dan@dangoldmanlaw.com

Evan Michael Goldberg (#242033)
Law Office of Evan M. Goldberg (DC-NA)
5423 32nd Street NW
Washington, DC 20015
Phone: (504) 717-5005
egoldberg.esq@gmail.com
PRO HAC VICE

*Counsel for Plaintiff*

Margaret Hoehl O'Shea, Esq. (VSB #66611)
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Phone: (804) 225-2206
Fax:     (804) 786-4239
moshea@oag.state.va.us
*Counsel for Dillman, Herrick, Walters, & Amonette*

_____
                         /s/
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
*Counsel for Harris*